**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00359-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Elizabeth Ann Ainslie, | |
| Defendant. | |

Pending before the Court is Defendant Elizabeth Ainslie's motion for compassionate release (Doc. 41), which the government opposes (Doc. 48). For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

In December 2019, Ainslie was convicted via guilty plea of bank robbery. (Doc. 40.) The presentence report revealed that Ainslie had, in fact, robbed five banks in the Phoenix area between August 2018 and December 2018. (Doc. 34 ¶¶ 5-10.) During some of these robberies, Ainslie informed the teller that she had a gun. (*Id.*) Although Ainslie claimed following her arrest that she was not actually armed on these occasions, "Ainslie's victims could not have known that." (Doc. 33 at 2.)

Notably, this case did not represent Ainslie's first foray into bank robbery. In 2009, Ainslie was convicted in state court following a trio of bank robberies in which she also claimed to have a gun. (Doc. 34 ¶¶ 43-44.) For those crimes, Ainslie was sentenced to only one year in custody. (*Id.*)

1  Although Ainslie faced an advisory sentencing range of 57-71 months under the
2  Sentencing Guidelines, both sides argued at sentencing that Ainslie should receive a
3  downward variance.  (Docs. 33, 35.)  The Court agreed and ultimately imposed a sentence
4  of 42 months' imprisonment.  (Doc. 40.)  According to the Bureau of Prisons' ("BOP")
5  inmate locator website, Ainslie's projected release date is November 2, 2022.

6  On July 16, 2020, Ainslie submitted a request for compassionate release to the
7  Bureau of Prisons ("BOP").  (Doc. 47-1.)  On August 16, 2020, this request was denied.
8  (Doc. 47-2.)

9  On April 6, 2021, Ainslie was offered the opportunity to receive the Moderna
10 COVID-19 vaccine.  (Doc. 47-6 at 60.)  Ainslie refused to be vaccinated.  (*Id.*)

11 On September 24, 2021, Ainslie filed a *pro se* motion for compassionate release
12 with this Court.  (Doc. 41.)

13 On October 19, 2021, the government filed an opposition.  (Doc. 48.)

14 Ainslie did not file a reply.

## DISCUSSION

16 Although "[a] federal court generally may not modify a term of imprisonment once
17 it has been imposed," "Congress provided an exception, sometimes known as
18 compassionate release, to reduce a sentence for 'extraordinary and compelling reasons.'"
19 *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (citations and internal quotation
20 marks omitted).  This exception is codified at 18 U.S.C. § 3582(c)(1)(A).  *Id.*  "For over
21 thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A)
22 motion for a sentence reduction on a defendant's behalf.  However, as part of the First Step
23 Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a
24 reduction directly from the court, provided that the defendant first seeks a reduction from
25 the BOP and that request has either been denied or 30 days have passed."  *Id.*

26 Under the current version of 18 U.S.C. § 3582(c)(1)(A), the court "may" grant a
27 compassionate release motion and reduce a defendant's term of imprisonment if, "after
28 considering the factors set forth in section 3553(a) to the extent that they are applicable,"

the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, in *Aruda*, the Ninth Circuit clarified that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 802. Thus, although "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant . . . they are not binding." *Id.*

Applying these standards, Ainslie has not established an entitlement to relief. As an initial matter, Ainslie is not elderly or overweight and states in her motion that she has already contracted (and, presumably, recovered from) COVID-19 twice while in prison. (Doc. 41 at 2.) Given these circumstances, and in light of the widespread availability of the COVID-19 vaccine within the BOP (which Ainslie has refused), the Court does not find that there is an extraordinary and compelling health-related reason to authorize an early release from prison in this case.

Additionally, having considered the relevant § 3553 factors, the Court concludes they preclude any reduction in Ainslie's sentence. Ainslie is a recidivist bank robber who received a generous sentence of only one year in prison for her first set of bank robberies in 2009 and a below-guidelines sentence of 42 months in prison for her most recent set of bank robberies in 2018. She was quite fortunate not to receive a longer sentence in this case and the Court concludes that any lesser sentence would fail to achieve just punishment, promote respect for the law, promote deterrence, or protect the public. Although Ainslie attempts to characterize herself as "not a violent offender" who has "no history of violence" (Doc. 41 at 1), these rationalizations fail to account for the terror she inspired in the tellers she victimized (who likely believed her when she claimed to have a gun) and, if anything, underscore the conclusion that she needs to serve her entire term of imprisonment so she can reflect on the gravity of her crimes.

…

…

Accordingly, **IT IS ORDERED** that Ainslie's motion for compassionate release (Doc. 41) is **denied**.

Dated this 18th day of January, 2022.

Dominic W. Lanza
United States District Judge